1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EUGENE EVERETT WELCH,

11            Petitioner,            No. CIV S-09-3120 GEB DAD P

12        vs.

13   BOARD OF PRISON TERMS, et al.,

14            Respondents.          FINDINGS & RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Therein, petitioner raises a due process challenge to the

18   decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at

19   his April 30, 2008 parole consideration hearing.  The matter has been fully briefed by the parties

20   and is submitted for decision.  Upon careful consideration of the record and the applicable law,

21   the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

22   I.  Procedural Background

23            Petitioner is confined pursuant to a 1994 judgment of conviction entered against

24   him in the San Bernardino County Superior Court following his conviction on a charge of second

25   degree murder.  (Doc. 108 at 8.)  Pursuant to that conviction, petitioner was sentenced to fifteen

26   /////

1

1   years to life in state prison plus a consecutive four year enhancement term for use of a firearm,

2   for a total aggregate sentence of nineteen years to life in state prison.

3            The parole consideration hearing that is placed at issue by the instant federal

4   habeas petition was held on April 30, 2008.  (Id.)[1]  Petitioner appeared at and participated in the

5   hearing.  (Id. at 9, et seq.)  Following deliberations held at the conclusion of the hearing, the

6   Board panel announced their decision to deny petitioner parole for three years as well as the

7   reasons for that decision.  (Doc. 1-10 at 31-36.)

8            Petitioner first challenged the Board's 2008 decision denying him parole in a

9   petition for writ of habeas corpus filed in the San Bernardino County Superior Court.  (Answer,

10  Ex. 1.)  That court denied the petition in a decision on the merits.  (Id.)  Petitioner subsequently

11  challenged the Board's 2008 decision in a petition for writ of habeas corpus filed in the

12  California Court of Appeal for the Fourth Appellate District.  (Answer, Ex. 2.)  The California

13  Court of Appeal summarily denied that petition.  (Id.)  Petitioner subsequently filed a petition for

14  writ of habeas corpus in the California Supreme Court.  (Answer, Ex. 3.)  That petition was also

15  summarily denied.  (Id.)

16           On August 13, 2009, petitioner filed his federal application for habeas relief in

17  this court.  Therein, petitioner contends that: (1) the Board relied on false and incorrect

18  information contained in a "Board Report" to find him unsuitable for parole; (2) the Board mis-

19  characterized the evidence of his crime of conviction and his prior criminal record; (3) his prison

20  counselor improperly expressed his own opinion in the Board Report that petitioner was

21  unsuitable for parole; (4) the Board incorrectly stated that petitioner had not participated in

22  sufficient programming and self-help in prison and that he did not have adequate parole plans;

23  and (5) there was no evidence before the Board in 2008 that petitioner would pose a current

24  danger to society if released from prison.  (Doc. No. 1 at 5-6, 16-24.)  Although petitioner alleges

25  _____

26  [1] Page number citations such as these are to the page number reflected on the court's
    CM/ECF system and not to page numbers assigned by the parties.

2

1   that the Board's 2008 decision violated his "1st, 5th, 6th, 8th, 14th Amendment rights," his

2   allegations essentially constitute a claim that the Board's 2008 decision to deny him parole for

3   three years was not supported by "some evidence" that he posed a current danger to society if

4   released from prison, as required under California law and in violation of his right to due

5   process.[2]

6   II.   Scope of Review Applicable to Due Process Challenges to the Denial of Parole

7           The Due Process Clause of the Fourteenth Amendment prohibits state action that

8   deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

9   due process violation must first demonstrate that he was deprived of a liberty or property interest

10  protected by the Due Process Clause and then show that the procedures attendant upon the

11  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

12  490 U.S. 454, 459-60 (1989).

13          A protected liberty interest may arise from either the Due Process Clause of the

14  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

15  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

16  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

17  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

18  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

19  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

20  person to be conditionally released before the expiration of a valid sentence.").  However, a

21

22          [2] For instance, petitioner's arguments that the Board relied on false or incorrect
    information, mis-characterized his crime of conviction and prior criminal record and incorrectly
23  found that he had not participated in sufficient programming in prison and did not have adequate
    parole plans, all constitute attacks on the sufficiency of the evidence relied upon by the Board.
24  Petitioner's argument that his counselor improperly expressed his own opinion that petitioner
    was unsuitable for parole is, if anything, a claim that state law was violated and is not cognizable
25  in these federal habeas proceedings.  See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct. 13,
    16 (2010); Rivera v. Illinois, 556 U.S. 148, ___, 129 S. Ct. 1446, 1454 (2009) ("[A] mere error
26  of state law . . . is not a denial of due process.") (quoting Engle v. Isaac, 456 U.S. 107, 121, n. 21
    (1982) and Estelle v. McGuire, 502 U.S. 62, 67, 72-73 (1991)).

1   state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

2   will be granted" when or unless certain designated findings are made, and thereby gives rise to a

3   constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

4          California's parole scheme gives rise to a liberty interest in parole protected by the

5   federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

6   Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

7   Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

8   this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

9   F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that

10   California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release

11   on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,

12   44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

13          In Swarthout, the Supreme Court reviewed two cases in which California

14   prisoners were denied parole - in one case by the Board, and in the other by the Governor after

15   the Board had granted parole. Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

16   when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

17   requires fair procedures, "and federal courts will review the application of those constitutionally

18   required procedures." Id. at 862.  The Court concluded that in the parole context, however, "the

19   procedures required are minimal" and that the "Constitution does not require more" than "an

20   opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

21   Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

22   decisions that went beyond these minimal procedural requirements and "reviewed the state

23   courts' decisions on the merits and concluded that they had unreasonably determined the facts in

24   light of the evidence." Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

25   the application of the "some evidence" standard to parole decisions by the California courts as a

26   /////

1  component of the federal due process standard.  Id. at 862-63.[3]  See also Pearson, 639 F.3d at

2  1191.

3  III.  Petitioner's Due Process Claim

4              As noted above, petitioner seeks federal habeas relief on the grounds that the

5  Board's 2008 decision to deny him parole, and the findings upon which that denial was based,

6  were not supported by "some evidence" as required under California law.  However, under the

7  Supreme Court's decision in Swarthout this court may not review whether California's "some

8  evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also

9  Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011)

10  ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility

11  decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair

12  hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640

13  F.3d 1042, 1045-46 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme

14  creates no substantive due process rights and any procedural due process requirement is met as

15  long as the state provides an inmate seeking parole with an opportunity to be heard and a

16  statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court

17  did not define the minimum process required by the Due Process Clause for denial parole under

18  the California system, it made clear that the Clause's requirements were satisfied where the

19  inmates 'were allowed to speak at their parole hearings and to contest the evidence against them,

20  were afforded access to their records in advance, and were notified as to the reasons why parole

21  was denied.'")

22

23        [3]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24  years the Ninth Circuit had consistently held that in order to comport with due process a state
   parole board's decision to deny parole had to be supported by "some evidence," as defined in
25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
   Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
   rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1      The federal habeas petition pending before the court in this case reflects that

2  petitioner was represented by counsel at his 2008 parole suitability hearing.  (Doc. No. 1-8 at 9.)

3  As set forth above, the record also establishes that at that hearing petitioner was given the

4  opportunity to be heard and received a statement of the reasons why parole was denied by the

5  Board panel.  That is all the process that was due petitioner under the Constitution.  Swarthout,

6  131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1045-46; Pearson, 639 F.3d

7  at 1191.  It now plainly appears that petitioner is not entitled to federal habeas relief with respect

8  to his due process claims.  Accordingly, the pending petition should be denied.

9                                       CONCLUSION

10      For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

11  application for a writ of habeas corpus be denied.

12      These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

14  one days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17  shall be served and filed within fourteen days after service of the objections.  Failure to file

18  objections within the specified time may waive the right to appeal the District Court's order.

19  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

20  1991).

21      In any objections he elects to file, petitioner may address whether a certificate of

22  appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

23  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

24  certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

25  Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

26  appealability to review the denial of a habeas petition challenging an administrative decision

such as the denial of parole by the parole board), <u>overruled in part by</u> <u>Swarthout</u>, 131 S. Ct. 859 (2011).

DATED: August 21, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
welch3120.hc

7